## McKenna v. Vernon, Appellant.

*Contracts—Building contracts—Architect's certificates — Condition precedent to payment—Waiver.*

In an action for a balance alleged to be due under a building contract defendant alleged that improper materials had been used in disregard of the specifications. The contract provided that all

payments should be made only on certificate of the architect but it appeared that no certificate had been given and that the provision of the contract relating thereto had been repeatedly disregarded, that the architect was satisfied with the work, and that deviations from the contract complained of had been made at his direction. It further appeared that the work had been almost daily under the supervision of the owner, who made no complaint with respect thereto. *Held,* a verdict for the plaintiff was warranted by the evidence and the court properly refused to enter judgment for defendant n. o. v.

Argued Jan. 11, 1916.   Appeal, No. 223, Jan. T., 1916, by defendant, from judgment of C. P. No. 5, Philadelphia Co., June T., 1914, No. 5062, on verdict for plaintiff, in case of Bernard J. McKenna, Trading as John McKenna & Son, v. William J. Vernon.   Before Brown, C. J., Mestrezat, Stewart, Frazer and Walling, JJ.   Affirmed.

Assumpsit for balance alleged to be due under a building contract.   Before Austin, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $2,500 and judgment thereon. Defendant appealed.

*Errors assigned* were in refusing a nonsuit, rulings on evidence, instructions to the jury, in refusing to direct verdict for defendant, and in refusing to enter judgment for defendant n. o. v.

*Stanley W. Root,* for appellant.—As plaintiff admitted substantial variations from the contract not authorized in writing by the architect, judgment should be entered for defendant: Gillespie Tool Co. v. Wilson, 123 Pa. 19; Caughey v. Parker, 26 Pa. Superior Ct. 289; Morgan v. Gamble, 230 Pa. 165; Smyers v. Zmitrovitch, 55 Pa. Superior Ct. 440.

There can be no recovery under the contract, which required that final payment shall only be made on the architect's certificate of the satisfactory completion of the

work, and such certificate was never given: Erbeck v. Meadville & Conneaut Lake Traction Co., 237 Pa. 121.

*Harry S. Mesirov,* with him *James J. Breen,* for appellee.—The testimony clearly showed that each and every change was done at the direction of the architects and was satisfactory to them: Beyer v. Mountz, 60 Pa. Superior Ct. 22; Howard et al. v. Pensacola & Atlantic R. R. Co., 24 Fla. 560 (5 So. Repr. 356); Langley v. Rouss, 185 N. Y. 201 (77 N. E. Repr. 1168); Nolt v. Crow, 22 Pa. Superior Ct. 113.

The fact that the architect's certificate was not given does not preclude plaintiff from recovery where it appeared that the architect was satisfied with the work and that the certificate was not given because the owner requested the architect not to issue a certificate: Whelen v. Boyd, 114 Pa. 228; Pittsburgh Terra Cotta Lumber Co. v. Sharp, 190 Pa. 256; Fay v. Lester Piano Co., 32 Pa. Superior Ct. 437; Fay v. Lester Piano Co., 39 Pa. Superior Ct. 87; Thaler Brothers v. Greiser Construction Co., 229 Pa. 512.

OPINION BY MR. JUSTICE STEWART, May 7, 1917:

This was an action to recover a balance alleged to be due on a building contract. By written agreement under date of January 20, 1914, the plaintiff undertook the erection and completion of a moving picture theatre at 1526-28 Cumberland street in the City of Philadelphia, agreeably to certain plans and specifications which accompanied and were made part of the agreement, he to receive therefor, in full compensation, the sum of $7,750.00, to be paid by the owner to the contractor wholly upon certificates of the architect as follows: Eighty per cent. of the work set in place as the work proceeds, the first payment within thirty days after the completion of the work; all payments to be due when certificates of the same shall have been issued by the architect; the building to be completed by April 20, 1914,

and the work to be done under the direction of the architect. A supplemental agreement was entered into by the parties March 24, 1914, which provided for an enlargement of the theatre building, for which the contractor was to receive an additional $1,000.00. The main provisions of this agreement were similar to those contained in the earlier. By the later agreement the work was to be completed on or before the 11th of May, 1914. From time to time as the work progressed, the owner made several payments on account, amounting in all to $6,000.00. Suit was brought, August 28, 1914, to recover the balance of $2,750.00, with interest from June 30, 1914. Defense was made on several grounds; failure of contractor to erect and complete the building in accordance with the plans and specifications, the substituting of inferior and cheaper materials, and inferior workmanship throughout, entailing for the supply and correction of the same, if attempted, a large expenditure. Further, defendant claimed that the building was not completed within the time allowed by the contract, and demanded as a set-off a penalty of $283.35. The trial resulted in a verdict for the plaintiff for $2,500.00. At the conclusion of the evidence, the defendant asked for a compulsory nonsuit, which was refused.

The several assignments of error, in one form and another, relate directly or indirectly to this one feature of the case, and are all based on the theory that in the absence of a certificate from the architect of the final completion of the building in accordance with plans and specifications, no right of action existed. Not only is there no express provision to this effect in the contract, but the contract itself shows that no distinction is there made between final payment and the payments on account of the eighty per cent. of work in place. All payments were to be made only on certificate of the architect, and yet with a single exception each of the seven payments made as the work progressed was made without a certificate being asked for. With such constant

and repeated disregard on the part of the owner to exact compliance with this provision in the contract, it is too late now for him to insist that failure on the part of the plaintiff to secure such certificate before suit defeats his right of action. Furthermore, on the trial, the architect called as a witness, testified that the plaintiff had performed substantial compliance with all the requirements of the contract; that he had not given the certificate to this effect only because it had not been asked for, and that whatever variations there were from the specifications were authorized and directed by him. The provision in the contract for written certificates from the architect is for the benefit and protection of the owner. If he waived it repeatedly, as he did here, during the progress of the work, he cannot complain if he be held to have waived it when he seeks to defend against a final payment for work shown to have been honestly and substantially performed, especially when almost daily he has had the work under his own observation, without remonstrance or complaint at any time with respect to either the work done or materials employed. This being the situation, the court was entirely right in refusing the nonsuit. For like reason, there was no error in refusing to give binding instructions for the defendant. If the court was right in these rulings, the other assignments of error necessarily fall. The judgment is affirmed.